**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| J.J. KELLER & ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRADEX GLOBAL INC. D/B/A BUCK USA, <br><br> Defendant, | Case No.: 25-cv-1321 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff J.J. Keller & Associates, Inc. ("J.J. Keller"), by and through its undersigned counsel, complains against Defendant Tradex Global Inc. d/b/a Buck USA ("Defendant" or "Buck USA") and for causes of action alleges as follows:

## NATURE OF THE CASE

1.      This is an action to stop and remedy Defendant's continuing willful and intentional copyright infringement practices and false use, alteration, and removal of copyright management information without authorization that are aimed at trading off the valuable goodwill J.J. Keller has developed in its registered copyrighted works through significant investment, originality, and promotion over the course of more than 30 years.

2.      J.J. Keller, founded in 1953, is a leading provider of safety and regulatory compliance solutions for businesses in regulated industries including in the transportation, construction, manufacturing, healthcare, education, utilities, and food and beverage sectors.  J.J. Keller's transportation industry services have included creation of four original works of authorship that can simplify and assist customers with critical safety and regulatory compliance

(the "Copyrighted Works"). The Copyrighted Works contain original arrangements and compilations of terms comprising daily driver logs and annual vehicle inspection reports, which J.J. Keller's customers consult to help satisfy federal vehicle inspection requirements and simplify inspection. The United States Copyright Office acknowledged the originality of all the Copyrighted Works by granting copyright registrations for each of them between 1989 and 2011. The four Copyrighted Works are:

(1) U.S. Copyright Reg No. TX0007367347 for a work titled "Driver's Daily Log – Deluxe S/DVIR (601L)" issued in 2011;

(2) U.S. Copyright Reg No. TX0002776004 titled "Driver's Vehicle Inspection Report," issued in 1989;

(3) (1) U.S. Copyright Reg No. TX0003419205 titled "Annual Vehicle Inspection Report," issued in 1989; and

(4) U.S. Copyright Reg No. TX0003419204 titled "Annual Vehicle Inspection Report-Label," issued in 1992.

J.J. Keller provides notice of its copyrights by prominently including its company name, address, and contact information, the "©" copyright symbol, and a copyright statement at the bottom of the Copyrighted Works. J.J. Keller has enjoyed significant commercial success from the Copyrighted Works, selling millions of copies since 2020 alone.

3.      Nevertheless, after J.J. Keller had been prominently displaying, licensing, and selling copies the Copyrighted Works to customers for decades, Defendant began copying and selling *nearly identical* works with titles identical to J.J. Keller's Copyrighted Works, namely

2

"Driver's Daily Log," "Driver's Vehicle Inspection Report," "Annual Vehicle Inspection Report," and an "Annual Vehicle Inspection Label" (collectively, the "Infringing Works"). The content, layout, and color scheme of the Infringing Works is substantially similar and, indeed, nearly identical to the Copyrighted Works. The only significant difference between Defendant's Infringing Works and the Copyrighted Works is that Defendant has altered the copyright management information in the Infringing Works by substituting its company name and address in place of J.J. Keller's. Defendant's copyright infringement and other unlawful conduct has commercially harmed J.J. Keller, including in the form of lost sales and market share in the product category for the Copyrighted Works.

4.      All the claims asserted herein arise out of and are based on Defendant's copying, reproduction, distribution, public display, and sale of the four Infringing Works that are copied from, derivative of, substantially similar, and, indeed, virtually identical to Plaintiff's four Copyrighted Works. J.J. Keller sues for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq.

5.      Plaintiff seeks all remedies afforded by the Copyright Act, including preliminary and permanent injunctive relief, Plaintiff's actual damages, statutory damages, and Defendant's profits from Defendant's intentionally and willfully infringing conduct, and such other and further relief as the Court deems just and equitable.

## PARTIES

6.      Plaintiff J.J. Keller & Associates, Inc., is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Neenah, Wisconsin.

3

7.     Defendant Tradex Global Inc. d/b/a Buck USA is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Tomball, Texas.

## JURISDICTION AND VENUE

8.     J.J. Keller's causes of action arise under the Copyright Act, codified at 17 U.S.C. § 101, *et seq*., and the Digital Millennium Copyright Act, codified at 17 U.S.C. § 1201, *et seq*.

9.     The adverse parties are citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

10.     This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (Federal question), 28 U.S.C. § 1332 (diversity of citizenship), and 28 U.S.C. § 1338(a) (any Act of Congress relating to copyrights.

11.     This Court has personal jurisdiction over Defendant because Defendant transacts substantial business in Wisconsin and within this District, and Defendant committed and continues to commit acts of copyright infringement, providing false, altered, and removed copyright management information, and other unlawful conduct in Wisconsin and within this District, including through sales and shipments of all four of the Infringing Works in Wisconsin and within this District.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the activity complained of occurred in this District, a substantial part of property that is the subject of this action is situated in this District, and Defendant is subject to personal jurisdiction in this District.

## PARTIES

13.     Plaintiff J.J. Keller & Associates, Inc., is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Neenah, Wisconsin.

14.     Defendant Tradex Global Inc. d/b/a Buck USA is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Tomball, Texas.

## FACTUAL BACKGROUND
### *J.J. Keller and the Copyrighted Works*

15.     Since its founding in 1953, J.J. Keller & Associates, Inc. ("J.J. Keller"), has provided safety and regulatory compliance solutions for businesses in regulated industries including the transportation industry.  Since then, its services have expanded to consulting and managed services, technology solutions, training, and providing publications and supplies to companies in a wide range of industries, including transportation, manufacturing, construction, utilities, energy, healthcare, and the food and beverage sectors.

16.     Among the publications J.J. Keller provides to its customers include the Copyrighted Works, each of which assist customers with regulatory compliance in the commercial shipping industry, including compliance with U.S. Department of Transportation Motor Carrier Safety, inspection, repair, and maintenance regulations and standards.

5

17.     J.J Keller's Copyrighted Works were created with a high level of research and degree of careful selection, coordination, and creative arrangement of text, colors, and graphics that facilitate customer understanding and compliance with regulatory requirements.

18.     In 2005, J.J. Keller authored a work titled "Driver's Daily Log – Deluxe S/DVIR (601L)" (hereafter referred to as "Driver's Daily Log"), consisting of a creative arrangement of original text and selection, compilation, and arrangement of information relevant to the topic of federal regulatory compliance for commercial drivers, fixed in a tangible medium of expression. The original expression of this work also included use of a red and yellow color palette and an original design of the letter "K" in a diamond background to denote J.J. Keller's logo, as well as a checklist for drivers to record necessary data for regulatory compliance. The Driver's Daily Log – Deluxe first published in the United States on or around December 30, 2005, and the U.S. Copyright Office issued registration number TX0007367347 for this work on April 19, 2011. As a result, J.J. Keller owns any and all copyright rights in this Copyrighted Work. A true, correct, and certified copy of the deposit of the Driver's Daily Log is attached as **Exhibit A**, a copy of the registration certificate for U.S. Copyright Reg. No. TX7367347 for the Driver's Daily Log is attached as **Exhibit B**, and a true and correct copy of the deposited Driver's Daily Log is displayed below:



19.     In 1989, J.J. Keller authored a work titled "Driver's Vehicle Inspection Report,"
consisting of a creative arrangement of original text and selection, compilation, and arrangement
of information relevant to the topic of federal regulatory compliance for commercial drivers,
fixed in a tangible medium of expression.  The original expression of this work also included a
checklist for drivers to record necessary data for regulatory compliance.  The Driver's Vehicle
Inspection Report first published in the United States on July 31, 1989, and the U.S. Copyright
Office issued registration number TX0002776004 for this work on March 2, 1990.  As a result,
J.J. Keller owns any and all copyright rights in this Copyrighted Work.  A true and correct copy
of a versions very similar to the deposited copy are attached as **Exhibit C**, and a copy of the
registration certificate for U.S. Copyright Reg. No. TX0002776004 is attached as **Exhibit D**.

7

20.     In 1989, J.J. Keller authored a work titled "Annual Vehicle Inspection Report (200-FS-C3)" ("hereafter referred to as "Annual Vehicle Inspection Report"), consisting of a creative arrangement of original text and selection, compilation, and arrangement of information relevant to the topic of federal regulatory compliance for commercial drivers, fixed in a tangible medium of expression.  The original expression of this work also included use of a red, white, and peach color palette, as well as a checklist for drivers to record necessary data for regulatory compliance.  The Annual Vehicle Inspection Report first published in the United States on March 31, 1989, and the U.S. Copyright Office issued registration number TX0003419205 for this work on October 7, 1992.  As a result, J.J. Keller owns any and all copyright rights in this Copyrighted Work.  A true and correct copy of a version similar to the deposited copy is attached as **Exhibit E**, and a copy of the registration certificate for U.S. Copyright Reg. No. TX0003419205 is attached as **Exhibit F**.

21.     In 1989, J.J. Keller authored a work titled "Annual Vehicle Inspection Report-Label (237-FS-E3)" (hereafter referred to as "Annual Vehicle Inspection Label"), consisting of a creative arrangement of original text and selection, compilation, and arrangement of information relevant to the topic of federal regulatory compliance for commercial drivers, fixed in a tangible medium of expression.  The original expression of this work also included use of a red color palette, as well as a checklist for drivers to record necessary data for regulatory compliance.  The Annual Vehicle Inspection Report first published in the United States on November 30, 1989, and the U.S. Copyright Office issued registration number TX0003419204 for this work on October 7, 1992.  As a result, J.J. Keller owns any and all copyright rights in this Copyrighted Work.  A true and correct copy of a version similar to the deposited copy is attached as **Exhibit**

**G**, and a copy of the registration certificate for U.S. Copyright Reg. No. TX0003419204 is attached as **Exhibit H**.

22. All four of the Copyrighted Works are wholly original, and J.J. Keller is the exclusive owner of all right, title, and interest, including all rights under copyright, in the Copyrighted Works.

23. Plaintiff is the owner of the following valid and subsisting United States Copyright registrations for the Copyrighted Works, issued by the United States Copyright Office on the referenced dates:

| Title of Work | U.S. Copyright Registration Number | Year of Completion | Date of First Publication in U.S. | Registration Date |
|---|---|---|---|---|
| Driver's Daily Log – Deluxe | TX0007367347 | 2005 | December 30, 2005 | April 19, 2011 |
| Driver's Vehicle Inspection Report | TX0002776004 | 1989 | July 31, 1989 | March 2, 1990 |
| Annual Vehicle Inspection Report | TX0003419205 | 1989 | March 31, 1989 | October 7, 1992 |
| Annual Vehicle Inspection Report-Label | TX0003419204 | 1989 | November 30, 1989 | October 7, 1992 |

True and correct copies of the registration certificates for the Copyrighted Works listed above are attached as **Exhibits B, D, F, and H**.

9

24.     Since creation of the Copyrighted Works, J. J. Keller has sold millions of copies of each of the Copyrighted Works to customers in the United States, generating millions of dollars of revenue for J.J. Keller.

25.     Plaintiff has published and offered the Copyrighted Works to customers for sale, including via J.J. Keller's website at jjkeller.com, as well as online retailers such as Amazon.com and Walmart.  Such publications and sales have been a tremendous commercial success to J.J. Keller, resulting in millions of copies being sold and generating millions of dollars in revenue to J.J. Keller.  Public depictions of the Copyrighted Works are accompanied by appropriate copyright notices indicating that J.J. Keller is the owner of all rights in each Copyrighted Work. Attached as **Exhibit I** are true and correct copies of sales listings for the Copyrighted Works at J.J. Keller's website, attached as **Exhibit J** are true and correct copies of sales listings for the Copyrighted Works at J.J. Keller's Amazon.com storefront, and attached as **Exhibit K** are true and correct copies of sales listings for the Copyrighted Works at J.J. Keller's Walmart.com storefront.

26.     The Copyrighted Works are of significant value to J.J. Keller because J.J. Keller generates millions of dollars annually from sales of its works.

### _Defendant's Unlawful Copying of the Copyrighted Works_

27.     Defendant, Tradex Global Inc., is a Texas-based company that does business under the name "Buck USA" and sells products online at websites including Amazon.com and Walmart.com, including products titled "Driver's Daily Log," "Driver's Vehicle Inspection Report," "Annual Vehicle Inspection Report," and "Annual Vehicle Inspection Label."

10

28.     On Amazon.com, Defendant identifies itself as selling "Compliance & Inspection Forms for Drivers & Fleets," including providing "a wide range of industry-compliant forms and inspection labels designed to meet **DOT, FMCSA, and regulatory requirements**," "offer[ing] intuitive, well-structured forms and inspection labels that make documentation fast and hassle-free . . . [w]ith **premium materials, crisp printing, and user-friendly designs**, our products provide efficiency and reliability in every detail."  Attached as **Exhibit L** is a true and correct date-stamped and URL-stamped screenshot of an Amazon.com sales listing containing Buck USA's description of the Infringing Works.

29.     At Amazon.com, Defendant sells products titled "Driver's Daily Log," "Driver's Vehicle Inspection Report," "Annual Vehicle Inspection Report," and "Annual Vehicle Inspection Label."  Attached as **Exhibit M** is a true and correct screenshot of Defendant's Amazon storefront's "Forms & Record Books" webpage showing sales listings for each of the Infringing Works, with images of the Driver's Daily Log," "Driver's Vehicle Inspection Report," "Annual Vehicle Inspection Report," and "Annual Vehicle Inspection Label."

30.     Defendant's Walmart storefront identifies Buck USA as a "trusted provider of high-quality industrial, office, and consumer products," offering a "diverse range" of products including "essential components, innovative solutions, and everyday supplies designed to meet your unique needs."  Attached as **Exhibit N** is a true and correct screenshot of Defendant's Walmart.com storefront.

31.     At Walmart.com, Defendant sells products titled "Annual Vehicle Inspection Report," which also includes an "Annual Vehicle Inspection Label."  Attached as **Exhibit O** are true and correct copies of Defendant's Walmart sales listing for these products, and attached as

11

**Exhibit P** is a true and correct copy of a redacted version of Defendant's Annual Vehicle Inspection Report" sold via the applicable Walmart sales listing displayed in Exhibit O, and attached as **Exhibit Q** is a true and correct copy of Defendant's "Annual Vehicle Inspection Label" sold via the applicable Walmart sales listing displayed in **Exhibit O**.

32.     Upon information and belief, Defendant has manufactured, published, printed, publicly displayed, and sold, or caused to be manufactured, published, printed, publicly displayed, and sold, the four Infringing Works, which are virtually identical and substantially similar to the four Copyrighted Works.  The Infringing Works have been sold and distributed by Defendant throughout the United States of America, including in this District, via merchants including Amazon and Walmart.  Attached as **Exhibit R, S, T, and U** are true and correct copies of the Infringing Works, consisting, respectively, of the infringing Driver's Daily Log, Driver's Vehicle Inspection Report, Annual Vehicle Inspection Report, and Annual Vehicle Inspection Label.

33.     The applicable Driver's Daily Log products appear below, with J.J. Keller's appearing first and Defendant's infringing version appearing underneath:



**Exhibit A** (J.J. Keller's "Driver's Daily Log");



**Exhibit R** (Defendant's infringing "Driver's Daily Log").

34. As can be seen from comparing **Exhibits A** and **R**, the design of Defendant's infringing Driver's Daily Log is nearly identical and substantially similar to J.J. Keller's copyrighted Driver's Daily Log. Like J.J. Keller's copyrighted work, Defendant's infringing product uses a red and white color scheme and landscape page orientation, contains the same title, and displays nearly identical text selected, arranged, and compiled in a nearly identical order with a nearly identical layout. Given these similarities, Defendant's infringing product is substantially similar to and virtually indistinguishable from J.J. Keller's registered, Copyrighted Work in overall appearance. The only notable difference is Defendant's substitution of its "Buck USA" trade name and address for J.J. Keller's name in the copyright statement in the lower-right corner.

14

35.     Defendant created the infringing Driver's Daily Log after J.J. Keller authored, published, and obtained U.S. Copyright Reg. No. TX0007367347 for its Driver's Daily Log.

36.     The applicable Driver's Vehicle Inspection Report products appear below, with J.J. Keller's appearing on the left and Defendant's infringing version appearing on the right:



**Exhibit C** (J.J. Keller's Driver's Vehicle Inspection Report); **Exhibit S** (Defendant's infringing Driver's Vehicle Inspection Report).

37.     As can be seen from comparing **Exhibits C and S**, the design of Defendant's infringing Driver's Vehicle Inspection Report is nearly identical and substantially similar to J.J.

15

Keller's copyrighted Driver's Vehicle Inspection Report. Like J.J. Keller's copyrighted work, Defendant's infringing product contains the same title, and displays identical text selected, arranged, and compiled in an order with an identical layout. Given these similarities, Defendant's infringing product is substantially similar to and virtually indistinguishable from J.J. Keller's registered, Copyrighted Work in overall appearance. The only notable difference is Defendant's substitution of its "Buck USA" trade name for J.J. Keller's name and address in the copyright statement in the lower-right corner.

38.     Defendant created the infringing Driver's Vehicle Inspection Report after J.J. Keller authored, published, and obtained U.S. Copyright Reg. No. TX0002776004 for its Driver's Vehicle Inspection Report.

39.     The applicable Annual Vehicle Inspection Report products appear below, with J.J. Keller's appearing first and Defendant's infringing version appearing underneath:

# ANNUAL VEHICLE INSPECTION REPORT

| VEHICLE HISTORY RECORD | |
|---|---|
| REPORT NUMBER | FLEET UNIT NUMBER |
| | |
| DATE | |

| MOTOR CARRIER OPERATOR | INSPECTOR'S NAME (PRINT OR TYPE) |
|---|---|
| ADDRESS | THIS INSPECTOR MEETS THE QUALIFICATION REQUIREMENTS IN SECTION 396.19. ☐ YES |
| CITY, STATE, ZIP CODE | VEHICLE IDENTIFICATION (✓ AND COMPLETE) ☐ LIC. PLATE NO. ☐ VIN ☐ OTHER |
| VEHICLE TYPE ☐ TRACTOR ☐ TRAILER ☐ TRUCK ☐ BUS ☐ (OTHER) | INSPECTION AGENCY/LOCATION (OPTIONAL) |

## VEHICLE COMPONENTS INSPECTED

| OK | NEEDS REPAIR | REPAIRED DATE | ITEM | OK | NEEDS REPAIR | REPAIRED DATE | ITEM | OK | NEEDS REPAIR | REPAIRED DATE | ITEM |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | **1. BRAKE SYSTEM** | | | | **6. SAFE LOADING** | | | | **12. WINDSHIELD GLAZING** |
| | | | a. Service Brakes | | | | a. Vehicle parts, load, dunnage, spare tire, etc., secured. | | | | No cracks, discoloration, obstacles, etc. (see 393.60 for exceptions). |
| | | | b. Parking Brake System | | | | | | | | |
| | | | c. Brake Drums or Rotors | | | | b. Front End Structure | | | | **13. WINDSHIELD WIPERS** |
| | | | d. Brake Hose | | | | c. Intermodal Container Securement Devices | | | | No missing, damaged, or inoperable wipers. |
| | | | e. Brake Tubing | | | | | | | | |
| | | | f. Low Pressure Warning Device | | | | **7. STEERING MECHANISM** | | | | **14. MOTORCOACH SEATS** |
| | | | g. Tractor Protection Valve | | | | a. Steering Wheel Free Play | | | | Seats securely fastened to the vehicle structure. |
| | | | h. Air Compressor | | | | b. Steering Column | | | | |
| | | | i. Electric Brakes | | | | c. Front Axle Beam/All Other Steering Components | | | | **15. REAR IMPACT GUARD** |
| | | | j. Hydraulic Brakes | | | | | | | | In place, securely attached, proper size, proper placement (see 393.86). |
| | | | k. Vacuum Systems | | | | d. Steering Gear Box | | | | |
| | | | l. Antilock Brake System | | | | e. Pitman Arm | | | | |
| | | | m. Automatic Brake Adjusters | | | | f. Power Steering | | | | **16. OTHER** |
| | | | **2. COUPLING DEVICES** | | | | g. Ball and Socket Joints | | | | List any other condition(s) which may prevent safe operation of this vehicle. |
| | | | a. Fifth Wheels | | | | h. Tie Rods and Drag Links | | | | |
| | | | b. Pintle Hooks | | | | i. Nuts | | | | |
| | | | c. Drawbar/Towbar Eye | | | | j. Steering System | | | | |
| | | | d. Drawbar/Towbar Tongue | | | | **8. SUSPENSION** | | | | |
| | | | e. Safety Devices | | | | a. Axle Positioning Parts | | | | |
| | | | f. Saddle-Mounts | | | | b. Spring Assembly | | | | |
| | | | **3. EXHAUST SYSTEM** | | | | c. Torque, Radius or Tracking Components | | | | |
| | | | a. No leaks forward of/ directly below the driver/ sleeper compartment. | | | | | | | | |
| | | | | | | | **9. FRAME** | | | | |
| | | | | | | | a. Frame Members | | | | |
| | | | b. Bus: No leaking/ discharging in violation of standard. | | | | b. Tire and Wheel Clearance | | | | |
| | | | | | | | c. Adjustable Axle Assemblies (Sliding Subframes) | | | | |
| | | | c. Unlikely to burn, char, or damage the electrical wiring, fuel supply, or any combustible part of vehicle. | | | | | | | | |
| | | | | | | | **10. TIRES** | | | | |
| | | | | | | | a. Steer-Axle Tires | | | | |
| | | | **4. FUEL SYSTEM** | | | | b. All Other Tires | | | | |
| | | | a. No visible leak. | | | | c. Speed-Restricted Tires | | | | |
| | | | b. Fuel Tank Filler Cap | | | | **11. WHEELS AND RIMS** | | | | |
| | | | c. Fuel tank securely attached. | | | | a. Lock or Side Ring | | | | |
| | | | **5. LIGHTING DEVICES** | | | | b. Wheels and Rims | | | | |
| | | | All required lights/reflectors operable. | | | | c. Fasteners | | | | |
| | | | | | | | d. Welds | | | | |

INSTRUCTIONS: MARK COLUMN ENTRIES TO VERIFY INSPECTION: ✓___ OK, X___ NEEDS REPAIR, NA___ IF ITEMS DO NOT APPLY, _____ REPAIRED DATE

CERTIFICATION: THIS VEHICLE HAS PASSED ALL THE INSPECTION ITEMS FOR THE ANNUAL VEHICLE INSPECTION IN ACCORDANCE WITH 49 CFR PART 396.

Copyright 2022 J. J. Keller & Associates, Inc.
Neenah, WI • JJKeller.com • (800) 327-6868
Printed in the USA

**ORIGINAL**

3128
(Rev. 1/22)

**Exhibit E** (J.J. Keller's Annual Vehicle Inspection Report);

# ANNUAL VEHICLE INSPECTION REPORT

**VEHICLE HISTORY RECORD**

| REPORT NUMBER | FLEET UNIT NUMBER | DATE |
|---|---|---|

**VEHICLE COMPONENTS INSPECTED**

| OK | | | ITEM | OK | | | ITEM | OK | | | ITEM |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | **1. BRAKE SYSTEM** | | | | **6. SAFE LOADING** | | | | **12. WINDSHIELD GLAZING** |
| | | | A. Service Brakes | | | | A. Vehicle parts, load, anchorage, spare tire, etc. secured | | | | No cracks, discoloration, obstacles, etc. (see 393.60 for exemptions) |
| | | | B. Parking Brake System | | | | B. Front End Structure | | | | **13. WINDSHIELD WIPERS** |
| | | | C. Brake Drum or Rotors | | | | D. Intermodal Container Securement Devices | | | | No missing, damaged, or inoperative wipers |
| | | | D. Brake Hose | | | | **7. STEERING MECHANISM** | | | | **14. MOTORCOACH SEATS** |
| | | | E. Brake Tubing | | | | A. Steering Wheel Free Play | | | | Seats securely fastened to the vehicle structure |
| | | | F. Low Pressure Warning Device | | | | B. Steering Column | | | | **15. REAR IMPACT GUARD** |
| | | | G. Tractor Protection Valve | | | | C. Front Axle Beam / All Other Steering Components | | | | In place, securely attached, proper size, placement (see 393.86) |
| | | | H. Air Compressor | | | | D. Steering Gear Box | | | | **16. OTHER** |
| | | | I. Electric Brakes | | | | E. Pitman Arm | | | | List any other condition(s) which may prevent safe operation of this vehicle. |
| | | | J. Hydraulic Brakes | | | | F. Power Steering | | | | |
| | | | K. Vacuum Systems | | | | G. Ball and Socket Joints | | | | |
| | | | L. Antilock Brake System | | | | H. Tie Rods and Drag Links | | | | |
| | | | M. Automatic Brake Adjusters | | | | I. Nuts | | | | |
| | | | **2. COUPLING DEVICES** | | | | J. Steering System | | | | |
| | | | A. Fifth Wheels | | | | **8. SUSPENSION** | | | | |
| | | | B. Pintle Hooks | | | | A. Axle Positioning Parts | | | | |
| | | | C. Drawbar / Towbar Eye | | | | B. Spring Assembly | | | | |
| | | | D. Drawbar / Towbar Tongue | | | | C. Torque, Radius or Tracking Components | | | | |
| | | | E. Safety Devices | | | | **9. FRAME** | | | | |
| | | | F. Saddle Mounts | | | | A. Frame Members | | | | |
| | | | **3. EXHAUST SYSTEM** | | | | B. Tire and Wheel Clearance | | | | |
| | | | A. No leaks forward of or directly below the driver / sleeper compartment | | | | C. Adjustable Axle Assemblies (Sliding Subframes) | | | | |
| | | | B. Bus: No leaking / discharging to atmosphere of standards | | | | **10. TIRES** | | | | |
| | | | C. Unlikely to burn, char, or damage the electrical wiring, fuel supply, or any combustible structure | | | | A. Steer Axle Tires | | | | |
| | | | **4. FUEL SYSTEM** | | | | B. All Other Tires | | | | |
| | | | A. No visible leak | | | | C. Speed-Restricted Tires | | | | |
| | | | B. Fuel Tank Filler Cap | | | | **11. WHEELS AND RIMS** | | | | |
| | | | C. Fuel tank securely attached | | | | A. Lock or Side Ring | | | | |
| | | | **5. LIGHTING DEVICES** | | | | B. Wheels and Rims | | | | |
| | | | All required lights / reflectors operable | | | | C. Fasteners | | | | |
| | | | | | | | D. Welds | | | | |

CERTIFICATION: THIS VEHICLE HAS PASSED ALL THE INSPECTION ITEMS FOR THE ANNUAL VEHICLE INSPECTION IN ACCORDANCE WITH 49 CFR PART 396.

**ORIGINAL**



**Exhibit T** (Defendant's infringing Annual Vehicle Inspection Reports).

40.　　As can be seen from comparing **Exhibits E and T**, the design of Defendant's infringing Annual Vehicle Inspection is nearly identical and substantially similar to J.J. Keller's copyrighted Annual Vehicle Inspection Report. Like J.J. Keller's copyrighted work, Defendant's infringing product uses a red, peach, and white color scheme, contains the same title, and displays nearly identical text selected, arranged, and compiled in a nearly identical

order with a nearly identical layout, with the red, peach, and white colors appearing in nearly identical locations. Given these similarities, Defendant's infringing product is substantially similar to and virtually indistinguishable from J.J. Keller's registered, Copyrighted Work in overall appearance. The only notable difference is Defendant's substitution of its "Buck USA" trade name for J.J. Keller's name in the copyright statement in the lower-left corner.

41.　　Defendant created the infringing Annual Vehicle Inspection Report after J.J. Keller authored, published, and obtained U.S. Copyright Reg. No. TX0003419205 for its Annual Vehicle Inspection Report.

42.　　The applicable Annual Vehicle Inspection Label products appear below, with J.J. Keller's appearing first and Defendant's infringing version appearing underneath:



**Exhibit G** (J.J. Keller's Annual Vehicle Inspection Label);



**Exhibit U** (Defendant's Infringing Annual Vehicle Inspection Label).

43.     As can be seen from comparing **Exhibits G and U**, the design of Defendant's infringing Annual Vehicle Inspection Label is nearly identical and substantially similar to J.J. Keller's copyrighted Annual Vehicle Inspection Label.  Like J.J. Keller's copyrighted work, Defendant's infringing product uses a red and white color scheme and landscape page orientation, contains the same title, and displays nearly identical text selected, arranged, and compiled in a nearly identical order with a nearly identical layout with the red and white coloring appearing in nearly identical locations.  Given these similarities, Defendant's infringing product is substantially similar to and virtually indistinguishable from J.J. Keller's registered, Copyrighted Work in overall appearance.  The only notable difference is Defendant's substitution of its "Buck USA" trade name and address for J.J. Keller's name and address in the copyright statement in the lower-left corner.

44.     Defendant created the infringing Annual Vehicle Inspection Label after J.J. Keller authored, published, and obtained U.S. Copyright Reg. No. TX0003419204 for its Annual Vehicle Inspection Label.

45.     Upon information and belief, Defendant obtained possession of, or otherwise viewed, Plaintiff's four Copyrighted Works, and willfully, intentionally, and knowingly copied and made derivative works of each of the Copyrighted Works to create the Infringing Works. That Defendant copied the Copyrighted Works when creating the Infringing Works is evidenced by the striking similarities between the four Copyrighted Works and the Infringing Works, which cannot possibly be explained other than as a result of copying and Defendant's access to the Copyrighted Works as a result of the widespread dissemination of the Copyrighted Works in the United States.  Such similarities include, but are not limited to, the selection, arrangement, layout, content, and compilation of text, and the use of identical color schemes.

46.     Defendant copied the Copyrighted Works without Plaintiff's authorization, consent, or knowledge, and without any remuneration to Plaintiff.

47.     In 2023, J.J. Keller filed an Amazon complaint against Buck USA for using J.J. Keller's copyrighted images without authorization.  On Defendant's behalf, Saifuddin Ajabshah responded to the Amazon complaint via email, acknowledging Defendant's lack of authorization to use J.J. Keller-copyrighted images.  Attached as **<u>Exhibit V</u>** is a true and correct copy of a Microsoft OneNote record of J.J. Keller employee Lisa Heilmann documenting the Amazon complaint and correspondence from Defendant.

48.     Upon information and belief, Defendant knew of J.J. Keller, the Copyrighted Works, and Defendant's lack of authorization from J.J. Keller to copy the Copyrighted Works

when first creating, manufacturing, distributing, marketing, advertising, promoting, displaying, selling, or authorizing any third party to manufacture, distribute, market, advertise, promote, display, or sell the Infringing Works, based on evidence including on the content, layout, and color scheme of the Infringing Works being substantially similar and, indeed, nearly identical to the Copyrighted Works, and Ajabshah's email acknowledging J.J. Keller's Amazon complaint and lack of authorization from J.J. Keller to use J.J.Keller-copyrighted images.

49.     Since Defendant copied J.J. Keller's Copyrighted Works to create the Infringing Works, Defendant has misappropriated the creative value of J.J. Keller's Copyrighted Works to unjustly profit through nationwide sales, including via Amazon and Walmart. Upon information and belief, Defendant continues to commercially exploit J.J. Keller's creativity through such sales.

50.     Defendant sells all four of the Infringing Works in Wisconsin and within this District.

51.     For example, in August 2025, Defendant sold all four of the Infringing Works via its Amazon and Walmart storefronts to a consumer within this District and shipped such products to Waukesha County, Wisconsin. Defendant advertised such products on its Amazon and Walmart storefronts as "Driver's Daily Log Book," "Driver's Vehicle Inspection Report," "Annual Vehicle Inspection Report, and "Annual Vehicle Inspection Label." In January 2025, Defendant sold Infringing Works on its Amazon storefront to a consumer within this District and shipped such products to Menasha, Wisconsin. None of these products shipped by Defendant into this District were produced by J.J. Keller. Defendant continues to advertise and offer the Infringing Works for sale into this District.

52.     On June 4, 2025, J.J. Keller's counsel sent a cease and desist letter to Defendant objecting to Defendant's unauthorized manufacture, distribution, public display, and sale of the Infringing Works (the "First Cease and Desist Letter"). J.J. Keller requested Defendant's full compliance with the demands in the First Cease and Desist Letter by no later than June 26, 2025. Defendant received delivery of the First Cease and Desist Letter via FedEx on June 12, 2025. Attached as **Exhibit W** is a true and correct copy of the First Cease and Desist Letter and FedEx delivery record confirming Defendant's receipt of the First Cease and Desist Letter.

53.     To date, J.J. Keller has received no response to its First Cease and Desist Letter and, after reasonable inquiry, has no evidence that Defendant has complied with the demands set out therein.

54.     On July 1, 2025, J.J. Keller's counsel sent a second cease and desist letter to Defendant (the "Second Cease and Desist Letter"), requesting compliance with the demands stated in the First Cease and Desist Letter by July 11, 2025. Attached as **Exhibit X** is a true and correct copy of the Second Cease and Desist Lette, and FedEx delivery record confirming Defendant's receipt of the Second Cease and Desist Letter.

55.     To date, J.J. Keller has received no response to its Second Cease and Desist Letter and, after reasonable inquiry, has no evidence that Defendant has complied with the demands set out therein.

56.     On July 28, 2025, J.J. Keller's counsel sent a third letter to Defendant (the "Third Cease and Desist Letter"), seeking a response to the First and Second Cease and Desist Letter by August 4, 2025. Attached as **Exhibit Y** is a true and correct copy of the Third Cease and Desist

24

Letter, and FedEx delivery records confirming Defendant's receipt of the Third Cease and Desist Letter.

57.     To date, J.J. Keller has received no response to its Third Cease and Desist Letter and, after reasonable inquiry, has no evidence that Defendant has complied with the demands set out therein.

58.     As a result of Defendant's actions described above, J.J. Keller has been directly damaged, and is continuing to be damaged, by the unauthorized manufacture, reproduction, distribution, public display, and sale of the Infringing Works. Defendant has never accounted to or otherwise paid Plaintiff for its use of the Copyrighted Works.  By commercially exploiting J.J. Keller's creativity, Defendant has undermined J.J. Keller's market position and ability to profit from its own unique creations, resulting in a significant loss of market share.

59.     Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT ONE
### Federal Copyright Infringement in Violation of 17 U.S.C. § 501, for Infringement of the Driver's Daily Log

60.     J.J. Keller re-alleges and incorporates the allegations of the foregoing paragraphs by reference as if fully set forth herein.

61.     The Driver's Daily Log is an original literary work containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq.*  J.J. Keller is the exclusive owner of rights under copyright in and to the Driver's Daily

Log.  J.J. Keller owns a valid copyright registration for the Driver's Daily Log, U.S. Copyright Reg. No. TX0007367347, attached as **Exhibit B**.

62.     Through Defendant's conduct alleged herein, including Defendant's manufacture, reproduction, distribution, public display, and sale of the infringing "Driver's Daily Log," which is copied from, derivative of, and substantially similar to J.J. Keller's Driver's Daily Log, without J.J. Keller's permission, Defendant has directly infringed Plaintiff's exclusive rights in the Driver's Daily Log in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

63.     On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of J.J. Keller's rights in the Driver's Daily Log, and has enabled Defendant illegally to obtain profit therefrom.

64.     As a direct and proximate result of Defendant's infringing conduct alleged herein, J.J. Keller has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), J.J. Keller is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the infringing Driver's Daily Log and products incorporating or embodying the Infringing Works, and an accounting of and a constructive trust with respect to such profits.

65.     Alternatively, J.J. Keller is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for Defendant's infringing conduct for each of J.J. Keller's works that Defendant has infringed, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

66.    Plaintiff further is entitled to its attorney fees and costs pursuant to 17 U.S.C. § 505.

67.    As a direct and proximate result of the Defendant's infringing conduct alleged herein, J.J. Keller has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Copyrighted Works, do the acts complained of, cause damage and irreparable harm to J.J. Keller, and unjustly enrich itself.  J.J. Keller therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

## COUNT TWO
## Federal Copyright Infringement in Violation of the Copyright Act, 17 U.S.C. § 501, for Infringement of the Driver's Vehicle Inspection Report

68.    J.J. Keller re-alleges and incorporates the allegations of the foregoing paragraphs by reference as if fully set forth herein.

69.    The Driver's Vehicle Inspection Report is an original literary work containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq.  J.J. Keller is the exclusive owner of rights under copyright in and to the Driver's Vehicle Inspection Report.  J.J. Keller owns a valid copyright registration for the Driver's Vehicle Inspection Report, U.S. Copyright Reg. No. TX0002776004, attached as **Exhibit D**.

70.    Through Defendant's conduct alleged herein, including Defendant's manufacture, reproduction, distribution, public display, and sale of the infringing "Driver's Vehicle Inspection Report," which is copied from, derivative of, and substantially similar to J.J. Keller's Driver's

27

Vehicle Inspection Report, without J.J. Keller's permission, Defendant has directly infringed Plaintiff's exclusive rights in the Driver's Vehicle Inspection Report in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

71.     On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of J.J. Keller's rights in the Driver's Vehicle Inspection Report, and has enabled Defendant illegally to obtain profit therefrom.

72.     As a direct and proximate result of Defendant's infringing conduct alleged herein, J.J. Keller has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), J.J. Keller is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the infringing Driver's Vehicle Inspection Report and products incorporating or embodying the Infringing Works, and an accounting of and a constructive trust with respect to such profits.

73.     Alternatively, J.J. Keller is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for Defendant's infringing conduct for each of J.J. Keller's works that Defendant has infringed, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

74.     Plaintiff further is entitled to its attorney fees and costs pursuant to 17 U.S.C. § 505.

75.     As a direct and proximate result of the Defendant's infringing conduct alleged herein, J.J. Keller has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief,

unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Copyrighted Works, do the acts complained of, cause damage and irreparable harm to J.J. Keller, and unjustly enrich itself. J.J. Keller therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

**COUNT THREE**
**Federal Copyright Infringement in Violation of the Copyright Act, 17 U.S.C. § 501, for Infringement of the Annual Vehicle Inspection Report**

76.     J.J. Keller re-alleges and incorporates the allegations of the foregoing paragraphs by reference as if fully set forth herein.

77.     The Annual Vehicle Inspection Report is an original literary work containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. Plaintiff is the exclusive owner of rights under copyright in and to the Copyrighted Work. Plaintiff owns a valid copyright registration for the Copyrighted Work, U.S. Copyright Reg. No. TX0003419205, attached as **Exhibit F**.

78.     Through Defendant's conduct alleged herein, including Defendant's manufacture, reproduction, distribution, public display, and sale of the infringing "Annual Vehicle Inspection Report," which is copied from, derivative of, and substantially similar to J.J. Keller's Annual Vehicle Inspection Report, without J.J. Keller's permission, Defendant has directly infringed J.J. Keller's exclusive rights in the Annual Vehicle Inspection Report in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501

79.     On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of J.J. Keller's rights in the Annual Vehicle Inspection Report, and has enabled Defendant illegally to obtain profit therefrom.

29

80. As a direct and proximate result of Defendant's infringing conduct alleged herein, J.J. Keller has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), J.J. Keller is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the infringing Annual Vehicle Inspection Report and products incorporating or embodying the Infringing Works, and an accounting of and a constructive trust with respect to such profits.

81. Alternatively, J.J. Keller is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for Defendant's infringing conduct for each of J.J. Keller's works that Defendant has infringed, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

82. Plaintiff further is entitled to its attorney fees and costs pursuant to 17 U.S.C. § 505.

83. As a direct and proximate result of the Defendant's infringing conduct alleged herein, J.J. Keller has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Copyrighted Works, do the acts complained of, cause damage and irreparable harm to J.J. Keller, and unjustly enrich itself. J.J. Keller therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

**COUNT FOUR**
**Federal Copyright Infringement in Violation of the Copyright Act, 17 U.S.C. § 501, for Infringement of the Annual Vehicle Inspection Label**

30

84.     J.J. Keller re-alleges and incorporates the allegations of the foregoing paragraphs by reference as if fully set forth herein.

85.     The Annual Vehicle Inspection Label is an original literary work containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. Plaintiff is the exclusive owner of rights under copyright in and to the Copyrighted Work. Plaintiff owns a valid copyright registration for the Copyrighted Work, U.S. Copyright Reg. No. TX0003419204, attached as **Exhibit H**.

86.     Through Defendant's conduct alleged herein, including Defendant's manufacture, reproduction, distribution, public display, and sale of the infringing "Annual Vehicle Inspection Label," which is copied from, derivative of, and substantially similar to J.J. Keller's Annual Vehicle Inspection Label, without J.J. Keller's permission, Defendant has directly infringed J.J. Keller's exclusive rights in the Annual Vehicle Inspection Label in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501

87.     On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of J.J. Keller's rights in the Annual Vehicle Inspection Label, and has enabled Defendant illegally to obtain profit therefrom.

88.     As a direct and proximate result of Defendant's infringing conduct alleged herein, J.J. Keller has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), J.J. Keller is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the infringing Annual Vehicle Inspection Label and products incorporating or embodying the Infringing Works, and an accounting of and a constructive trust with respect to such profits.

31

89.    Alternatively, J.J. Keller is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for Defendant's infringing conduct for each of J.J. Keller's works that Defendant has infringed, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

90.    Plaintiff further is entitled to its attorney fees and costs pursuant to 17 U.S.C. § 505.

## COUNT FIVE
### False, Altered, and Removed Copyright Management Information, in Violation of the Digital Millenium Copyright Act, 17 U.S.C. § 1202, Concerning the Driver's Daily Log

91.    J.J. Keller re-alleges and incorporates the allegations of the foregoing paragraphs by reference as if fully set forth herein.

92.    J.J. Keller's Driver's Daily Log contains copyright management information, including the title of the work, the name of J.J. Keller as the author of the work, and the information set forth in the notice of copyright on the work.

93.    Defendant's Driver's Daily Log contains false copyright management information, including Defendant's trade name in lieu of J.J. Keller's name in the notice of copyright on the work.

94.    Defendant's Driver's Daily Log altered and removed J.J. Keller's copyright management information, including through removal of the name of J.J. Keller as the author of the work, and by substitution of Defendant's trade name in lieu of J.J. Keller's name in the notice of copyright on the work.

95.     Defendant knowingly and intentionally inserted false copyright management information on the Driver's Daily Log and copies thereof, and knowingly and intentionally altered and removed J.J. Keller's copyright management information from the work.

96.     Defendant knowingly and intentionally distributed the false copyright management information on the Driver's Daily Log and copies thereof, and knowingly and intentionally distributed the Driver's Daily Log knowing that the copyright management information had been removed or altered without authorization from J.J. Keller.  Defendant knew and had reasonable grounds to know, that its conduct would induce, enable, facilitate, or conceal an infringement of J.J. Keller's copyrights.

97.     As a direct and proximate result of the Defendant's infringing conduct alleged herein, J.J. Keller has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's unlawful conduct is enjoined by this Court, Defendant will continue to distribute the Infringing Works with false, removed, and altered copyright management information, do the acts complained of, cause damage and irreparable harm to J.J. Keller, and unjustly enrich itself.  J.J. Keller therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant's ongoing unlawful conduct.

98.     As a direct and proximate result of Defendant's unlawful conduct alleged herein, J.J. Keller has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 1203, J.J. Keller is also entitled to recovery of Defendant's profits attributable to Defendant's unlawful conduct alleged herein, including from any and all sales of

the Driver's Daily Log and products incorporating or embodying such work, and an accounting of and a constructive trust with respect to such profits.

99.     Alternatively, J.J. Keller is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 1203(c)(3), in the amount of $25,000 for Defendant's conduct for each of J.J. Keller's works that Defendant has added false copyright management information to, or removed or altered J.J. Keller's copyright management information from, and for such other amount as may be proper pursuant to 17 U.S.C. § 1203.

100.     Plaintiff further is entitled to its attorney fees and costs pursuant to 17 U.S.C. § 1203.

**COUNT SIX**
**<u>False, Altered, and Removed Copyright Management Information, in Violation of the Digital Millenium Copyright Act, 17 U.S.C. § 1202, Concerning the Driver's Vehicle Inspection Report</u>**

101.     J.J. Keller re-alleges and incorporates the allegations of the foregoing paragraphs by reference as if fully set forth herein.

102.     J.J. Keller's Driver's Vehicle Inspection Report contains copyright management information, including the title of the work, the name of J.J. Keller as the author of the work, and the information set forth in the notice of copyright on the work.

103.     Defendant's Driver's Vehicle Inspection Report contains false copyright management information, including Defendant's trade name in lieu of J.J. Keller's name in the notice of copyright on the work.

104. Defendant's Driver's Vehicle Inspection Report altered and removed J.J. Keller's copyright management information, including through removal of the name of J.J. Keller as the author of the work, and by substitution of Defendant's trade name in lieu of J.J. Keller's name in the notice of copyright on the work.

105. Defendant knowingly and intentionally inserted false copyright management information on the Driver's Vehicle Inspection Report and copies thereof, and knowingly and intentionally altered and removed J.J. Keller's copyright management information from the work.

106. Defendant knowingly and intentionally distributed the false copyright management information on the Driver's Vehicle Inspection Report and copies thereof, and knowingly and intentionally distributed the Driver's Vehicle Inspection Report knowing that the copyright management information had been removed or altered without authorization from J.J. Keller. Defendant knew and had reasonable grounds to know, that its conduct would induce, enable, facilitate, or conceal an infringement of J.J. Keller's copyrights.

107. As a direct and proximate result of the Defendant's infringing conduct alleged herein, J.J. Keller has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's unlawful conduct is enjoined by this Court, Defendant will continue to distribute the Infringing Works with false, removed, and altered copyright management information, do the acts complained of, cause damage and irreparable harm to J.J. Keller, and unjustly enrich itself. J.J. Keller therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant's ongoing unlawful conduct.

35

108.     As a direct and proximate result of Defendant's unlawful conduct alleged herein, J.J. Keller has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 1203, J.J. Keller is also entitled to recovery of Defendant's profits attributable to Defendant's unlawful conduct alleged herein, including from any and all sales of the Driver's Vehicle Inspection Report and products incorporating or embodying such work, and an accounting of and a constructive trust with respect to such profits.

109.     Alternatively, J.J. Keller is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 1203(c)(3), in the amount of $25,000 for Defendant's conduct for each of J.J. Keller's works that Defendant has added false copyright management information to, or removed or altered J.J. Keller's copyright management information from, and for such other amount as may be proper pursuant to 17 U.S.C. § 1203.

110.     Plaintiff further is entitled to its attorney fees and costs pursuant to 17 U.S.C. § 1203.

## COUNT SEVEN
### False, Altered, and Removed Copyright Management Information, in Violation of the Digital Millenium Copyright Act, 17 U.S.C. § 1202, Concerning the Annual Vehicle Inspection Report

111.     J.J. Keller re-alleges and incorporates the allegations of the foregoing paragraphs by reference as if fully set forth herein.

112.     J.J. Keller's Driver's Annual Vehicle Inspection Report contains copyright management information, including the title of the work, the name of J.J. Keller as the author of the work, and the information set forth in the notice of copyright on the work.

36

113.     Defendant's Annual Vehicle Inspection Report contains false copyright management information, including Defendant's trade name in lieu of J.J. Keller's name in the notice of copyright on the work.

114.     Defendant's Annual Vehicle Inspection Report altered and removed J.J. Keller's copyright management information, including through removal of the name of J.J. Keller as the author of the work, and by substitution of Defendant's trade name in lieu of J.J. Keller's name in the notice of copyright on the work.

115.     Defendant knowingly and intentionally inserted false copyright management information on the Annual Vehicle Inspection Report and copies thereof, and knowingly and intentionally altered and removed J.J. Keller's copyright management information from the work.

116.     Defendant knowingly and intentionally distributed the false copyright management information on the Annual Vehicle Inspection Report and copies thereof, and knowingly and intentionally distributed the Annual Vehicle Inspection Report knowing that the copyright management information had been removed or altered without authorization from J.J. Keller.  Defendant knew and had reasonable grounds to know, that its conduct would induce, enable, facilitate, or conceal an infringement of J.J. Keller's copyrights.

117.     As a direct and proximate result of the Defendant's infringing conduct alleged herein, J.J. Keller has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's unlawful conduct is enjoined by this Court, Defendant will continue to distribute the Infringing Works with false, removed, and altered copyright management

information, do the acts complained of, cause damage and irreparable harm to J.J. Keller, and unjustly enrich itself. J.J. Keller therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant's ongoing unlawful conduct.

118.    As a direct and proximate result of Defendant's unlawful conduct alleged herein, J.J. Keller has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 1203, J.J. Keller is also entitled to recovery of Defendant's profits attributable to Defendant's unlawful conduct alleged herein, including from any and all sales of the Annual Vehicle Inspection Report and products incorporating or embodying such work, and an accounting of and a constructive trust with respect to such profits.

119.    Alternatively, J.J. Keller is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 1203(c)(3), in the amount of $25,000 for Defendant's conduct for each of J.J. Keller's works that Defendant has added false copyright management information to, or removed or altered J.J. Keller's copyright management information from, and for such other amount as may be proper pursuant to 17 U.S.C. § 1203.

120.    Plaintiff further is entitled to its attorney fees and costs pursuant to 17 U.S.C. § 1203.

## COUNT EIGHT
### False, Altered, and Removed Copyright Management Information, in Violation of the Digital Millenium Copyright Act, 17 U.S.C. § 1202, Concerning the Annual Vehicle Inspection Label

121.    J.J. Keller re-alleges and incorporates the allegations of the foregoing paragraphs by reference as if fully set forth herein.

122.    J.J. Keller's Driver's Annual Vehicle Inspection Label contains copyright management information, including the title of the work, the name of J.J. Keller as the author of the work, and the information set forth in the notice of copyright on the work.

123.    Defendant's Annual Vehicle Inspection Label contains false copyright management information, including Defendant's trade name in lieu of J.J. Keller's name in the notice of copyright on the work.

124.    Defendant's Annual Vehicle Inspection Label altered and removed J.J. Keller's copyright management information, including through removal of the name of J.J. Keller as the author of the work, and by substitution of Defendant's trade name in lieu of J.J. Keller's name in the notice of copyright on the work.

125.    Defendant knowingly and intentionally inserted false copyright management information on the Annual Vehicle Inspection Label and copies thereof, and knowingly and intentionally altered and removed J.J. Keller's copyright management information from the work.

126.    Defendant knowingly and intentionally distributed the false copyright management information on the Annual Vehicle Inspection Label and copies thereof, and knowingly and intentionally distributed the Annual Vehicle Inspection Label knowing that the copyright management information had been removed or altered without authorization from J.J. Keller.  Defendant knew and had reasonable grounds to know, that its conduct would induce, enable, facilitate, or conceal an infringement of J.J. Keller's copyrights.

127.     As a direct and proximate result of the Defendant's infringing conduct alleged herein, J.J. Keller has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's unlawful conduct is enjoined by this Court, Defendant will continue to distribute the Infringing Works with false, removed, and altered copyright management information, do the acts complained of, cause damage and irreparable harm to J.J. Keller, and unjustly enrich itself.  J.J. Keller therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant's ongoing unlawful conduct.

128.     As a direct and proximate result of Defendant's unlawful conduct alleged herein, J.J. Keller has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 1203, J.J. Keller is also entitled to recovery of Defendant's profits attributable to Defendant's unlawful conduct alleged herein, including from any and all sales of the Annual Vehicle Inspection Label and products incorporating or embodying such work, and an accounting of and a constructive trust with respect to such profits.

129.     Alternatively, J.J. Keller is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 1203(c)(3), in the amount of $25,000 for Defendant's conduct for each of J.J. Keller's works that Defendant has added false copyright management information to, or removed or altered J.J. Keller's copyright management information from, and for such other amount as may be proper pursuant to 17 U.S.C. § 1203.

130.     Plaintiff further is entitled to its attorney fees and costs pursuant to 17 U.S.C. § 1203.

## JURY DEMAND

J.J. Keller demands a trial by jury on all matters and issues triable by jury under Rules 38 and 39 of the Federal Rules of Civil Procedure and any other applicable federal and state laws.

## PRAYER FOR RELIEF

WHEREFORE, J.J. Keller respectfully requests that the Court enter judgment in its favor and against Defendant, granting the following relief:

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1.      That Defendant has willfully, intentionally, and knowingly violated Section 501 of the Copyright Act (17 U.S.C. § 501).

2.      That Defendant has willfully, intentionally, and knowingly violated the Digital Millennium Copyright Act (17 U.S.C. § 1202).

3.      Granting an injunction under 17 U.S.C. §§ 502 and 1203 temporarily, preliminarily, and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

(a)      manufacturing, distributing, marketing, advertising, promoting, displaying, selling, or authorizing any third party to manufacture, distribute, market, advertise, promote, display, or sell the Infringing Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works;

(b)     reproducing, distributing, performing, or publicly displaying the Copyrighted Works, creating any derivative works based on the Copyrighted Works, or engaging in any activity that infringes J.J. Keller's rights in its Copyrighted Works; and

(c)     aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b).

4.     That Defendant be ordered to provide an accounting of Defendant's profits attributable to Defendant's infringing conduct, including Defendant's profits from sales of the Infringing Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works.

5.     Ordering impoundment, or that Defendant be ordered to destroy or deliver up for destruction, all materials in Defendant's possession, custody, or control used by Defendant in connection with Defendant's infringing conduct, including without limitation all remaining copies and inventory of the Infringing Works and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Works, as well as all means for manufacturing them.

6.     That Defendant, at its own expense, be ordered to recall the Infringing Works from any distributors, retailers, vendors, or others that have distributed the Infringing Works on Defendant's behalf, and any products, works or other materials that include, copy, are derived from, or otherwise embody the Infringing Works or the Copyrighted Works, and that Defendant be ordered to destroy or deliver up for destruction all materials returned to it.

7.     Awarding Plaintiff:

42

(a)     Defendant's profits obtained as a result of Defendant's infringing conduct, including but not limited to all profits from sales and other exploitation of the Infringing Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Works or the Copyrighted Works, or in the Court's discretion, such amount as the Court finds to be just and proper;

(b)     damages sustained by Plaintiff as a result of Defendant's infringing conduct, in an amount to be proven at trial;

(c)     should Plaintiff so elect, statutory damages pursuant to 17 U.S.C. § 504(c) and 1203(c)(3) instead of actual damages or profits; and

(d)     Plaintiff's reasonable attorney fees and costs pursuant to 17 U.S.C. §§ 505 and 1203.

8.     Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

9.     Awarding such other and further relief as the Court deems just and proper.

DATED this 29th day of August, 2025.

**MICHAEL BEST & FRIEDRICH LLP**
*/s/Thomas A. Agnello*
Thomas A. Agnello, SBN 1055633
S. Edward Sarskas, SBN 1025534
790 N. Water Street, Suite 2500
Milwaukee, Wisconsin 53202
Tel: (414) 271-6560
Fax: (414) 277-0656
taagnello@michaelbest.com
sesarskas@michaelbest.com
*Attorneys for Plaintiff J.J. Keller & Associates, Inc.*

43