**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**J.J. KELLER & ASSOCIATES, INC.,**

**Plaintiff,**

**v.** **Case No. 25-CV-1321**

**TRADEX GLOBAL, INC.,**

**Defendant.**

---

# ORDER ON MOTION TO COMPEL

---

J.J. Keller & Associates, Inc. brought this action against Tradex Global, Inc. alleging that Tradex sells products that infringe on several copyrights owned by Keller.

On August 25, 2026, Keller filed an expedited non-dispositive motion under Civ. L. R. 7(h) to compel the production of documents. (ECF No. 93.) According to Keller, the parties agreed to substantially complete their respective production obligations by August 14, 2026. (ECF No. 93, at 2.) As part of its production, Tradex agreed to conduct a search of electronically stored information using agreed-upon terms such as "Keller," "J.J.," and "driver's daily log" and to produce the results of that search. (ECF No. 93, at 3.) Tradex failed to timely produce the documents identified from this search and so Keller filed this motion to compel.

In response, Tradex asserts that on August 28, 2026, it produced "all non-privileged responsive documents requested by Keller" including the results of the search. (ECF No. 96, at 3.) Accordingly, Tradex argues that the motion is now moot. (ECF No. 96, at 3.)

Keller filed a motion for leave to file a reply. (ECF No. 93.) In its proposed reply, Keller argues that its motion to compel is not moot because Tradex's production is incomplete. (ECF No. 99-1, at 3.) According to Keller, Tradex has not produced any documents "concerning the creation, development or design, or ordering of Tradex's infringing works prior to their first sale." (ECF No. 99-1, at 3.) Tradex has produced only documents dated months after it began selling the allegedly infringing products. (ECF No. 99-1, at 3.)

Tradex having now purportedly produced all responsive documents, Keller's motion to compel is moot. Whether Tradex's production was complete is a distinct question that is not appropriately raised for the first time in reply. *See, e.g.*, *Little v. Foster*, No. 16-CV-805-JPS, 2017 U.S. Dist. LEXIS 104749, at *4 (E.D. Wis. July 7, 2017) ("Courts generally decline to consider arguments raised for the first time in a reply brief, as this tactic deprives the non-movant of the ability to challenge the arguments.") (collecting cases). Rather, if Keller alleges that Tradex has failed to produce all responsive documents it must again meet and confer with Tradex and, if necessary, file a second motion to compel. This process ensures that Tradex has a full and fair opportunity to address the sufficiency of its production.

**IT IS THEREFORE ORDERED** that J.J. Keller & Associates, Inc.'s motion for leave to file a reply brief (ECF No. 99) is **GRANTED**.

**IT IS FURTHER ORDERED** that J.J. Keller & Associates, Inc.'s motion to compel the production of documents (ECF No. 93) is **DISMISSED AS MOOT**. Any request for expenses shall be made by motion within 14 days of this order. See Fed. R. Civ. P. 37(a)(5). Briefing shall proceed in accordance with Civil Local Rule 7(b) and (c).

Dated at Green Bay, Wisconsin this 28th day of October, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge